Filed 11/20/25  P. v. Shipp CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B340226 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A020300) |
| v. | |
| JERALD SHIPP, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Chet L. Taylor, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal; Jerald Shipp, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Jerald Shipp appeals from an order denying his petition for resentencing (Pen. Code,[1] § 1172.6) after an evidentiary hearing. We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1.)

## BACKGROUND

### A. Guilty Plea

On October 23, 1979, Jerald Shipp waived his constitutional rights and pleaded guilty to one count of first degree murder (Pen. Code, § 187, subd. (a)). He also admitted that he committed the murder during the commission and attempted commission of the crime of robbery (§ 190.2, subd. (a)(17)) and that he used a handgun (§ 12022.5). During the plea hearing, the following exchange occurred between the prosecutor and Shipp:

"[The prosecutor]: Is it true, Mr. Shipp, that on the 2nd day of August of 1979, you entered the King Arthur Steak House located in Long Beach, that you were armed with a handgun, that your intent on entering was to rob the people inside, that once inside you began to rob some of the people when the man by the name of Carl Duggins refused to give up his property, and that you and one of your confederates then shot this man because he was resisting. [¶] Is all that true?

"[Shipp]: Yes."

The court sentenced Shipp to life without the possibility of parole.

---

[1] Undesignated statutory references are to the Penal Code.

## B.     Petition for Resentencing

Thirty-nine years after Shipp's guilty plea, in 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added former section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189 made effective January 1, 2019. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

On March 4, 2019, Shipp filed a petition for resentencing.[2] After appointing counsel for Shipp and receiving briefing from the parties, the trial court ordered the prosecution to show cause why the relief requested in the petition should not be granted.

The trial court denied the petition for resentencing after an evidentiary hearing held on August 13 and 14, 2024, at which Shipp was represented by counsel. The court found the prosecution proved beyond a reasonable doubt that Shipp was

---

[2] Shipp filed his petition under the original version of former section 1170.95, effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Since that time, the Legislature amended the statute (Stats. 2021, ch. 551, § 2) and then renumbered it as section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

guilty of murder under current law (after the amendments to sections 188 and 189 effective January 1, 2019). The court relied on the transcript from the plea hearing, finding Shipp admitted he was "the shooter." The court also found, "At a minimum, he was an aider and abettor." Direct aiding and abetting remains a valid theory of murder under current law. (*People v. Offley* (2020) 48 Cal.App.5th 588, 595-596.)

## C.    The Present Appeal

Shipp filed a timely notice of appeal from the August 14, 2024 order denying his section 1172.6 petition, and we appointed counsel for him. Counsel filed an opening appellate brief raising no issues and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. We sent Shipp the requisite notice of his right to file a supplemental brief (see *id.* at pp. 231-232), and he did so. Under *Delgadillo*, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*) However, an appellate court may exercise its discretion to conduct "its own independent review of the record in any individual section 1172.6 appeal." (*Ibid.*) Shipp's appellate counsel requests that this court "exercise its discretion to conduct an independent review of the record, as permitted by *Delgadillo*." In evaluating the arguments raised in Shipp's supplemental brief, we reviewed the entire record on appeal, and we have determined there is no arguable issue for appointed appellate counsel to brief.

4

## DISCUSSION

In his supplemental brief, Shipp contends, "The evidence that was used at the evidentiary hearing was insufficient to prove beyond a reasonable doubt that [he] is ineligible for resentencing."

Shipp bases this contention, in part, on a misreading of the record. He argues the court erred in relying on documents that were not part of his record of conviction, but rather, documents from his accomplice's case. We need not decide whether this would have been error because the record shows the court relied on the transcript from Shipp's plea hearing, and did not rely on documents from the accomplice's case, in concluding the prosecution proved beyond a reasonable doubt Shipp was guilty of murder under current law.[3]

Shipp also argues his plea does not support the trial court's findings that "he was the shooter" and "at a minimum, he was an aider and abettor" of the murder. He ignores that he admitted at his plea hearing that the following facts were true: he *and* one of his "confederates" shot the victim because the victim refused to hand over property during the robbery.

In reviewing the denial of a petition for resentencing after an evidentiary hearing, "We review the trial court's factual findings for substantial evidence. . . . We will not reverse unless there is no hypothesis upon which sufficient substantial evidence exists to support the trial court's decision. [Citation.] We must

---

[3] Initially, the prosecution sought to use documents from the accomplice's case to prove Shipp's guilt. At the evidentiary hearing, however, the prosecution made clear it was no longer relying on those documents and would rely instead on the admissions Shipp made at his plea hearing.

'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 125.)  Shipp's admissions constitute substantial evidence supporting the court's finding that he aided and abetted the murder (to the extent he was not the actual killer).  He admitted that he and his accomplice shot the victim because the victim was resisting the robbery.  We have no cause to disturb the finding that Shipp acted with the requisite malice when he shot the victim.

Shipp's final contention is that in 1979, he was not sentenced in accordance with the negotiated plea deal.  This contention is not cognizable in this appeal from the August 14, 2024 order denying his petition for resentencing, and we therefore do not address it further.

## DISPOSITION

The August 14, 2024 order denying Shipp's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

6